**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

————————————————————————————

**TYSON POULOS,**

$\qquad\qquad\qquad\qquad\qquad$ **Plaintiff,**

$\qquad$ **vs.**

$\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad$ **1:21-CV-96**
$\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad$ **(MAD/CFH)**

**COUNTY OF WARREN, WARREN COUNTY**
**SHERIFF'S DEPARTMENT, CORRECTIONS**
**OFFICER DUSTIN SPRING,** *in his individual*
*and official capacities*, **CORRECTIONS OFFICER**
**CHARLENE MADAY,** *in his individual and official*
*capacities*, **CORRECTIONS OFFICER MATTHEW**
**HUBBARD,** *in his individual and official capacities*,
**CORRECTIONS OFFICER CHRISTOPHER PERILLI,**
*in his individual and official capacities*, **SERGEANT**
**BARRETT SPRING,** *in his individual and official capacities*,
**INVESTIGATOR CHRISTOPHER HATIN,** *in his individual*
*and official capacities*, and **WARREN COUNTY DISTRICT**
**ATTORNEY'S OFFICE,**

$\qquad\qquad\qquad\qquad\qquad$ **Defendants.**

————————————————————————————

**APPEARANCES:** $\qquad\qquad\qquad\qquad\qquad$ **OF COUNSEL:**

**HELD, HINES LAW FIRM** $\qquad\qquad\qquad$ **PHILIP M. HINES, ESQ.**
2004 Ralph Avenue
Brooklyn, New York 11234
Attorneys for Plaintiff

**JOHNSON LAWS, LLC** $\qquad\qquad\qquad$ **GREGG T. JOHNSON, ESQ.**
646 Plank Road, Suite 205
Clifton Park, New York 12065
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

Plaintiff commenced this action on January 27, 2021, asserting claims for malicious prosecution, false imprisonment, falsification and spoliation of evidence, and deprivation of a fair trial against all Defendants. Dkt. No. 1; Dkt. No. 11. Plaintiff also asserts claims for *Monell* liability against Defendants Warren County, Warren County Sheriff's Department and Warren County District Attorney's Office. *See id*. On June 1, 2021, Defendants moved to dismiss Plaintiff's claims. Dkt. No. 14. As set forth below, Defendants' motion is granted.

## II. BACKGROUND

Plaintiff was arrested on January 20, 2014, in Queensbury, New York based on a four-year-old misdemeanor arrest warrant while in a motel room belonging to Nouf Taraman. Dkt. No. 11 at ¶¶ 18-19. Upon a subsequent search of the motel room, police recovered drugs and Plaintiff was arrested by the Warren County Sheriff's Department. *Id*. at ¶¶ 22-24. Plaintiff claims that Defendants subsequently intimidated witnesses, lied, and falsified testimony in order to convict Plaintiff of these charges.[1] *Id*. at ¶¶ 24-34.

Plaintiff also asserts that Defendants also framed him for felony charges arising from his time at the Warren County Jail. *Id*. at ¶¶ at 28-81. Plaintiff asserts that, despite not being suicidal, Defendants put Plaintiff on suicide watch and would harass and essentially torture him in order to have him react and bring about more charges against him because his initial arrest for the drug possession was not a strong case. *Id*.

---

[1] Plaintiff is not pursuing constitutional violations relating to his convictions for the drug charge. *See* Dkt. No. 11.

Plaintiff claims that correction officers would knock on his door all night to keep him from sleeping, removed his blankets while Plaintiff was only in a t-shirt and pants with no socks, and blew cold air into his cell. *Id*. at ¶¶ 42-50. The correction officers ignored Plaintiff's complaints and, eventually, Plaintiff clogged his toilet to be removed from his cell. *Id*. at ¶¶ 48-46, 51. However, Plaintiff was not removed, rather, the water was turned off and Plaintiff later went to the bathroom on the floor. *Id*. at ¶¶ 53-54. Plaintiff was then charged with a felony for aggravated harassment of an employee for going to the bathroom on the floor, but was removed to a slightly warmer cell for booking. *Id*. at ¶¶ 54-55.

Afterwards, Plaintiff was placed in an unheated cell without any blankets or socks. *Id*. at ¶¶ 56-60. Plaintiff then flooded his cell and went to the bathroom on the floor again. *Id*. at ¶ 61. Plaintiff also cut his wrists in an attempt to get out of the cell. *Id*. at ¶ 63. Defendants Maday, Dustin Spring, and Barrett Spring went into Plaintiff's cell and threatened to pepper spray him if he did not stop cutting his wrists. *Id*. at ¶ 64. When they left, once the door was closed, Defendants Maday, Dustin Spring, and Barrett Spring claim that Plaintiff kicked the dirty toilet water and feces at them from under the door. *Id*. at ¶ 65. These false statements, along with other allegedly falsified reports and grand jury testimony, were used to convict Plaintiff of another charge of aggravated harassment of an employee. *Id*. at ¶¶ 78-91. Plaintiff claims his convictions resulted in additional time incarcerated. *Id*. at ¶ 104.

Plaintiff's felony convictions for aggravated harassment of an employee were reversed by the Third Department on November 23, 2016. *Id*. at ¶ 105. A new trial was conducted and on January 29, 2018, Plaintiff was found "not guilty" on both charges. *Id*. at ¶ 108.

On January 27, 2021, Plaintiff brought this action seeking redress for several constitutional violations.  *See* Dkt. Nos. 1, 11.  On June 1, 2021, Defendants filed a joint motion to dismiss arguing that Plaintiff's claims were barred by the statute of limitations and failed to state a constitutional violation.  Dkt. No. 14-6.  Currently before the Court is Defendants' motion to dismiss.  As set forth below, Defendants' motion is granted.

## III. DISCUSSION

### A.    Standard of Review

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief.  *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted).  In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  This presumption of truth, however, does not extend to legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading.  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is

entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted).

Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief

above the speculative level," *see id.* at 555 (citation omitted), and present claims that are

"plausible on [their] face," *id.* at 570.  "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Iqbal*, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely

consistent with' a defendant's liability, it 'stops short of the line between possibility and

plausibility of "entitlement to relief."'"  *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955).

Ultimately, "when the allegations in a complaint, however true, could not raise a claim of

entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims

across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

## B.    False Imprisonment Claim

Defendants assert that Plaintiff's false imprisonment claim is untimely because Plaintiff's

arrest occurred on January 20, 2014, and, therefore, fall outside of the three-year statute of

limitations.  Dkt. No. 14-6 at 8.  Defendants' motion to dismiss Plaintiff's false imprisonment

claim is granted.

The statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is borrowed

from the state statute of limitations for personal injury actions under the law of the state in which

the federal court sits.  *See Griffin v. Doe*, 71 F. Supp. 3d 306, 317 (N.D.N.Y. 2014) (citing *Owens

v. Okure*, 488 U.S. 235, 250–51 (1989)) (other citations omitted).  Federal courts sitting in New

York apply a three-year statute of limitations period to claims arising under Section 1983.  *See*

*Griffin*, 71 F. Supp. 3d at 317 (citations omitted).  A statute of limitations provides an affirmative

defense, and the burden is on the defendant to establish when a claim accrues.  *See Gonzalez*, 651

F.3d 318, 322 (2d Cir. 2011) (citing Fed. R. Civ. P. 8(c)).

 While state law dictates the applicable statute of limitations, the accrual date of these

causes of action is a question of federal law that is not resolved by reference to state law.  *See*

*Wallace v. Kato*, 549 U.S. 384, 388 (2007).  A claim accrues "'when the plaintiff' knows or has

reason to know of the injury which is the basis of his action.'"  *Ormiston v. Nelson*, 117 F.3d 69,

71 (2d Cir. 1997) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)).

 The statute of limitations for a claim of false imprisonment — and false arrest, which is a

species of false imprisonment — begins to run "when the alleged false imprisonment ends."

*Wallace*, 549 U.S. at 388–89 (internal quotation marks omitted).  False imprisonment ends when

"'the victim becomes held pursuant to [legal] process — when, for example, he is bound over by a

magistrate or arraigned on charges.'"  *Lynch v. Suffolk Cnty. Police Dep't, Inc*., 348 Fed. Appx.

672, 675 (2d Cir. 2009) (quoting *Wallace*, 549 U.S. at 388–89).  The Supreme Court has

explained that, when a plaintiff brings a false arrest claim, "'damages for that claim cover the time

of detention up until issuance of process or arraignment, but not more.  From that point on, any

damages recoverable must be based on a malicious prosecution claim and on the wrongful use of

judicial process rather than detention itself.'"  *Wallace*, 549 U.S. at 390 (quotation omitted).  "In

short, a false imprisonment claim starts to run when a detainee begins to be held pursuant to legal

process." *Watson v. United States*, 865 F.3d 123, 131 (2d Cir. 2017).

Plaintiff does not have a claim for false imprisonment related to the aggravated

harassment of an employee charges because he was already in custody or incarcerated on other

charges.  *Wong v. LaPierre*, No. 8:07-cv-1110, 2011 WL 13248503, *8 (N.D.N.Y. Mar. 23,

2011); *Holmes v. Grant*, No. 03 Civ. 3426, 2006 WL 851753, *14 (S.D.N.Y. Mar. 31, 2006) ("As

plaintiff was already incarcerated at the time of the assault proceeding, he suffered no new

seizure"); *Goncalves v. Reynolds*, 189 F. Supp. 2d 278, 283 (W.D.N.Y. 2001) (holding that the

plaintiff cannot maintain a claim for false arrest where he was already being detained pursuant to

earlier charges and based upon his prior convictions); *Perez v. Hewitt*, No. 04 Civ. 10112, 2008

WL 780628, *2 (S.D.N.Y. Mar. 24, 2008) (noting that "inmates retain only a 'limited right to

bodily privacy' under the Fourth Amendment" and dismissing the plaintiff's false

arrest/imprisonment claim because, as an inmate, the plaintiff did "not have a reasonable

expectation of privacy in his person").  Plaintiff did not suffer a deprivation of liberty interests

and he therefore cannot claim a constitutional violation.[2]  Defendants' motion to dismiss is

therefore granted as to Plaintiff's false arrest claim.

## C.    Malicious Prosecution

Plaintiff alleges malicious prosecution against all Defendants.  Dkt. No. 11 at ¶¶ 128-38.

Defendants have moved to dismiss Plaintiff's claim based on failure to state a claim and for lack

of personal involvement.  Dkt. No. 14-6 at 15-20.

---

[2] Alternatively, Plaintiff's false imprisonment claims would have accrued in January 2014 when
he was arraigned on the charges for aggravated assault of an employee.  This is well beyond the
three-year statute of limitations barring Plaintiff's false imprisonment claims.  *See Lynch*, 348
Fed. Appx. at 675.

"In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and establish the elements of a malicious prosecution claim under state law." *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002) (citations omitted).  Malicious prosecution under New York State law requires a plaintiff to "prove '"(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997) (quoting *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995)).

"Under New York law, police officers can 'initiate' prosecution by filing charges or other accusatory instruments." *Cameron v. City of New York*, 598 F.3d 50, 63 (2d Cir. 2010) (citing *Ricciuti v. N.Y. City Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997)).  "'In malicious prosecution cases brought against police officers, plaintiffs have demonstrated that officers initiated criminal proceedings by having the plaintiff arraigned, by filling out complaining and corroborating affidavits, and by signing felony complaints.'" *Cooper v. City of New York*, No. 12 CIV. 8008, 2013 WL 5493011, *4 (S.D.N.Y. Oct. 2, 2013) (quoting *Mitchell v. Victoria Home*, 434 F. Supp. 2d 219, 227 (S.D.N.Y. 2006)).

"The requirement that a plaintiff show such a favorable termination is designed principally to ensure against inconsistent judgments . . . and to avoid parallel litigation as to questions of probable cause." *Murphy*, 118 F.3d at 948 (citations omitted).  "Where the prosecution did not result in an acquittal, it is deemed to have ended in favor of the accused, for these purposes, only when its final disposition is such as to indicate the innocence of the accused." *Id.* (listing cases).

"The answer to whether the termination is indicative of innocence depends on the nature and circumstances of the termination; the dispositive inquiry is whether the failure to proceed 'impl[ies] a lack of reasonable grounds for the prosecution.'"  *Id.* (quoting *Loeb v. Teitelbaum*, 77 A.D.2d 92, 101 (2d Dep't 1980)) (alterations in original).  "A dismissal of charges can be a favorable termination where 'the dismissal represents the formal abandonment of the proceedings by the public prosecutor.'"  *Rodriguez v. City of New York*, 291 F. Supp. 3d 396, 413 (S.D.N.Y. 2018) (quoting *Russell v. The Journal News*, 672 Fed. Appx. 76, 79 (2d Cir. 2016)).

Primarily, Defendants assert that Plaintiff's complaint fails to allege termination of the proceeding in Plaintiff's favor.  Dkt. No. 14-6 at 15-18.  Defendants are incorrect.  Unlike the cases Defendants presented to the Court, while Plaintiff was initially convicted of two counts of aggravated harassment, he was later found not guilty at a subsequent trial.  Dkt. No. 11 at ¶ 131. It is immaterial that the need for the second trial was due to a procedural error.  *See McDonough v. Smith*, 139 S. Ct. 2149, 2161 (2019) ("The statute of limitations for McDonough's § 1983 claim alleging that he was prosecuted using fabricated evidence began to run when the criminal proceedings against him terminated in his favor—that is, when he was acquitted at the end of his second trial").  In the cases Defendants presented to the Court, the action was dismissed based on a procedural error and there was no subsequent determination as to the merits of the prosecution's case.  *See Myers v. Rowell*, No. 6:15CV0553, 2017 WL 2559994, *4 (N.D.N.Y. June 13, 2017); *Smalls v. Collins*, No. 14CV02326, 2020 WL 2563393, *8 (E.D.N.Y. Mar. 16, 2020), *rev'd and remanded*, No. __ F.4d __, 2021 WL 3700194 (2d Cir. Aug. 20, 2021).  Further, *Smalls* was

recently reversed and remanded by the Second Circuit.  *Smalls v. Collins*, __ F.4d __, 2021 WL 3700194, *13 (2d Cir. Aug. 20, 2021).

Second, Defendants assert that Plaintiff has failed to plead a deprivation of liberty as he was already in custody for drug charges.  Dkt. No. 14-6 at 19-20.  Plaintiff claims that he was impeached based on his convictions for aggravated harassment of an employee, prejudicing him, and resulting in a thirty-three-year prison sentence.  Dkt. No. 11 at ¶ 104.  Plaintiff claims that prior to his conviction and facing the charges for aggravated harassment of an employee, he was in prison based on his drug charges.  *Id*. at ¶¶ 26, 28, 80.  Plaintiff claims he remained in prison due to the high bail set for the aggravated harassment of an employee charges.  *Id*.

"Within this circuit, the law is clear that '[a] plaintiff does not have a claim for false arrest or malicious prosecution under section 1983 if, at the time of his arrest and prosecution, he already is in custody on other charges, because there is no deprivation of liberty interests.'"  *Gray v. Erfe*, No. 3:13-CV-39, 2015 WL 3581230, *2 (D. Conn. June 5, 2015) (quoting *Arnold v. Geary*, No. 09 Civ. 7299, 2013 WL 4269388, *4 (S.D.N.Y. Aug. 16, 2013)); *Walker v. Sankhi*, 494 Fed. Appx. 140, 143 (2d Cir. 2012) (citing *Singer*, 63 F.3d at 116) ("Walker could not have suffered a deprivation of liberty as a result of the Bellamy burglary charge because, throughout the pendency of that charge, he was already in custody, and remained in custody, for a completely separate burglary charge, of which he was ultimately convicted").  Similarly, if the plaintiff did not serve any additional time because of the allegedly fraudulent charges, the incarcerated plaintiff did not suffer a deprivation of liberty.  *Kaid v. Akins*, No. 15-CV-1024, 2017 WL 4411955, *4 (W.D.N.Y. Oct. 4, 2017) (dismissing the plaintiff's malicious prosecution claims

where the plaintiff was already in prison awaiting trial for unrelated charges and remained in prison pursuant to those charges after dismissal of the allegedly fraudulent charges).

Plaintiff does not claim that he was released from prison after he was acquitted on the two counts of aggravated harassment of an employee. Plaintiff also does not claim that he was able to afford the bail for his drug charges and was out on bail when he was arrested. Rather, the complaint makes clear that at all times before and after the accrual of his claims, Plaintiff was incarcerated. In fact, according to the DOCCS website, Plaintiff is currently serving a thirty-year sentence based on his convictions for the state drug offenses that brought him to the Warren County Jail, while awaiting trial on those charges. Plaintiff has therefore failed to allege a deprivation of liberty and fails to state a claim for malicious prosecution. *Walker*, 494 Fed. Appx. at 143. Defendants' motion to dismiss Plaintiff's malicious prosecution claims is granted.

**D.     Denial of His Right to a Fair Trial**

Plaintiff claims that Defendant Perilli "fabricated information, documents, reports, statements, logbook entries, and other evidence that was likely to influence a jury's verdict, forwarded that falsified information to prosecutors, and Plaintiff suffered a deprivation of life, liberty and property as a result." Dkt. No. 11 at ¶ 196. Plaintiff claims a deprivation of his right to a fair trial against all defendants. *Id*. at ¶ 198.

"The Due Process Clause guarantees a criminal defendant's 'right to a fair trial.'" *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 244 (2d Cir. 2020) (quoting *Ramchair v. Conway*, 601 F.3d 66, 73 (2d Cir. 2010)). "This right is violated '[w]hen a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors.'" *Id.* (quoting

*Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997)).  "Such violations are 'redressable in an action for damages under 42 U.S.C. § 1983.'"  *Id.* (quotation omitted).  "And unlike a malicious prosecution claim, 'a Section 1983 claim for the denial of a right to a fair trial based on an officer's provision of false information to prosecutors can stand even if the officer had probable cause to arrest the Section 1983 plaintiff.'"  *Id.* (quoting *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 277–78 (2d Cir. 2016)).

To set forth a claim of the denial of the right to a fair trial, the plaintiff must establish that an "(1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result."  *Jovanovic v. City of New York*, 486 Fed. Appx. 149, 152 (2d Cir. 2012).  The inquiry as to causation is "whether the liberty deprivations that occurred are legally traceable back even further to [the] earlier investigatory act of fabrication."  *Zahrey*, 221 F.3d at 352.  In a recent decision, however, the Second Circuit made clear that the right to a fair trial can be violated even if the fabricated evidence that was supplied to the prosecutor was not ultimately used at trial.  *See Frost*, 980 F.3d at 250.  Moreover, it is important to note that, although the officer need not directly provide the fabricated evidence to the prosecutor, no causation for this claim would exist if such evidence was never brought to the prosecutor's attention.  In other words, the claim only accrues "when fabricated information is forwarded to a prosecutor and results in the deprivation of a defendant's liberty."  *Soomro v. City of New York*, 174 F. Supp. 3d 806, 815 (S.D.N.Y. 2016) (citation omitted).

Again, Plaintiff cannot establish a deprivation of liberty because he was already

incarcerated at the time of the alleged incident and has remained there even following his acquittal. Dkt. No. 11 at ¶ 96. Thus, Plaintiff's denial of a right to a fair trial claim must be dismissed. *Seabrook v. The City of New York*, No. 14CIV3059, 2016 WL 554823, *4 (E.D.N.Y. Feb. 10, 2016) (dismissing the plaintiff's malicious prosecution, excessive pre-arraignment detention, pre-arraignment delay, and denial of a fair trial claims where the plaintiff was in prison as a pre-trial detainee at the time and remained in prison following the favorable determination based on his separate charges).

Further, "[a] claim premised on fabrication of evidence 'accrues when the plaintiff learns or should have learned that the evidence was fabricated and such conduct causes the claimant some injury.'" *Bailey v. City of New York*, 79 F. Supp. 3d 424, 444 (E.D.N.Y. 2015) (quoting *Mitchell v. Victoria Home*, 377 F. Supp. 2d 361, 373 (S.D.N.Y. 2005)). Plaintiff claims that in April 2014, he was made aware that the officers were "intentionally and maliciously" attempting to frame him for the aggravated harassment charges. Dkt. No. 11 at ¶ 81. Plaintiff's denial of a right to a fair trial therefore accrued in April 2014 and expired in April of 2017, more than four years before this action was filed. *See* Dkt. No. 1. Plaintiff's deprivation of a fair trial claim is therefore untimely and Defendants' motion to dismiss this claim is granted.

**E.      Plaintiff's Claims for Falsification of Evidence and Spoliation**

Plaintiff claims that Defendants, "collectively, had a duty to preserve evidence concerning the drug possession charges arising from the arrest at the Budget Inn Motel . . . and the subject [sic] charges arising at Warren County Jail . . . both inculpatory and exculpatory, which evidence was in their possession and control." Dkt. No. 11 at ¶ 190. "Defendants collectively lost and/or

13

destroyed and/or altered and/or falsified said evidence due to recklessness, gross negligence and/or maliciously intent [sic] to do so." *Id*. at ¶ 191.  Defendants assert that there is no independent claim for fabrication and spoliation of evidence that this claim is simply ancillary to his deprivation of a fair trial claim and therefore should be dismissed.  Dkt. No. 14-6 at 10.

The Second Circuit has made clear that the mere falsification of evidence does not result in a constitutional violation.  *Zahrey v. Coffey*, 221 F.3d 342, 348 (2d Cir. 2000) ("The Court thus viewed Zahrey's claim as limited to the assertion of a constitutional right not to have a prosecutor manufacture false evidence.  Viewed that narrowly, the claim was properly rejected.  The manufacture of false evidence, 'in and of itself,' in the District Court's phrase, does not impair anyone's liberty, and therefore does not impair anyone's constitutional right").  However, when the plaintiff pairs a claim of falsification of evidence with a constitutional violation, such as " the deprivation of his liberty without due process of law," the plaintiff has a cognizable claim.  *Id*. at 348-49.  "Understood this way, we conclude that the right at issue is a constitutional right, provided that the deprivation of liberty of which [the plaintiff] complains can be shown to be the result of [the defendant's] fabrication of evidence."  *Id*. at 349; *Davis v. O'Donnell*, No. 15-CV-3077, 2019 WL 6790829, *8 (S.D.N.Y. Dec. 12, 2019) ("*Bivens* remedy can be implied for a deprivation of liberty due to fabricated evidence").

Thus, in order to state a claim for falsification of evidence, Plaintiff must establish that a deprivation of liberty occurred because of the fabrication of evidence.  *See Zahrey*, 221 F.3d at

348.  As noted, Plaintiff cannot establish a deprivation of liberty and therefore his claims for falsification of evidence must be dismissed. [3]

## F.   Conspiracy Claims

Plaintiff alleges that a "conspiracy commenced on January 22, 2014, after Defendant BURIN and Defendant DAO received Plaintiff's request to testify at the Grand Jury proceedings regarding the drug possession charges, and continued unabated through Plaintiff's acquittal on January 29, 2018." Dkt. No. 11 at ¶ 202.  Plaintiff claims that Defendants "had a meeting of the minds to conspire amongst themselves to torture, frame, entrap, retaliate against, seek retribution from, falsely charge, falsely imprison, and maliciously prosecute Plaintiff, to falsify evidence and deprive him of a fair trial." *Id*. at ¶ 201.

To state a claim for a conspiracy under Section 1983, Plaintiff must allege, "'(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages.'" *Cox v. City of New Rochelle*, No. 17-CV-8193, 2019 WL 3778735, *5 (S.D.N.Y. Aug. 12, 2019) (quoting *McGee v. Dunn*, No. 09-CV-6098, 2015 WL 9077386, *5 (S.D.N.Y. Dec. 16, 2015)).  "'A conspiracy claim fails, however, where allegations are conclusory.'"  *Id*. (quoting *Cuellar v. Love*, No. 11-CV-3632, 2014 WL 1486458, *9 (S.D.N.Y. Apr. 11, 2014)).  "Rather, '[a]llegations of a conspiracy . . . must be pleaded with specificity,' a

---

[3] To the extent Plaintiff seeks redress in this Court for spoliation of evidence in his state court trial, that claim is also rejected. *See Wieder v. City of New York*, No. 09-CV-3914, 2013 WL 1810751, *1 (E.D.N.Y. Apr. 29, 2013) (citing *Turner v. Hudson Transit Lines, Inc*., 142 F.R.D. 68, 72 (S.D.N.Y. 1991)) ("[I]t is unclear that an independent cause of action for spoliation of evidence even exists as a matter of law").

'heightened standard.'" *Id*. (quoting *Scalpi v. Town of E. Fishkill*, No. 14-CV-2126, 2016 WL 858925, *5 (S.D.N.Y. Feb. 29, 2016)) (other citations omitted).

Foremost, because Plaintiff has failed to properly plead a constitutional violation, "it follows that no claim that Defendants conspired to violate Plaintiff's constitutional rights may survive." *Greenland v. Municipality of Westchester Cty*., No. 18-CV-3157, 2020 WL 4505507, *5 (S.D.N.Y. Aug. 4, 2020).  Secondly, Plaintiff has failed to properly plead a conspiracy claim.

While Plaintiff alleges that Defendants falsified reports and gave false testimony in order to convict him, this is insufficient to meet the heightened standard of alleging a conspiracy claim as they fail to demonstrate "that any meeting of the minds occurred between [Defendants] to violate Plaintiff's rights." *Vega v. Artus*, 610 F. Supp. 2d 185, 203 (N.D.N.Y. 2009).  Rather, Plaintiff merely states that "[u]pon information and belief, a plan was devised between Defendant SHERIFF, Defendant DAO and Defendant BURIN to harass, abuse, frame, and entrap Plaintiff for new felony charges at the Warren County Jail on or about January 23, 2014, one day in advance of his scheduled testimony at the Grand Jury on January 24, 2014" and that Defendants "had a meeting of the minds to conspire amongst themselves to . . . falsely imprison, and maliciously prosecute Plaintiff, to falsify evidence and deprive him of a fair trial." Dkt. No. 11 at ¶¶ 40, 201.  Such conclusory allegations fail "to support a 'plausible' conspiracy claim involving . . . the Defendants." *Vega*, 610 F. Supp. 2d at 203; *see also Johnson v. Schiff*, No. 17-CV-8000, 2019 WL 4688542, *25 (S.D.N.Y. Sept. 26, 2019) (quoting *K.D. ex rel Duncan v. White Plains Sch. Dist*., 921 F. Supp. 2d 197, 208 (S.D.N.Y. 2013)) ("A conspiracy claim requires 'some factual basis supporting a meeting of the minds.'"); *Cox v. City of New Rochelle*, No. 17-CV-

8193, 2020 WL 5774910, *6 (S.D.N.Y. Sept. 28, 2020) (dismissing the plaintiff's complaint where "[t]he gravamen of the conspiracy claim is that NRPD officers conspired with the Attacking Defendants to 'concoct a story that would lead to charges against [Plaintiff] and ultimately [led] to [Plaintiff's] arrest and [Plaintiff] being found guilty of a crime'"); *Mhina v. Doren*, No. 5:15-CV-327, 2016 WL 5374114, *3 (N.D.N.Y. Sept. 26, 2016) (dismissing the plaintiff's conspiracy claims where he "allege[d] that some moving defendants filed false criminal charges against him or fraudulently aided the prosecution's investigation" but failed to allege facts demonstrating a meeting of the minds beyond mere conclusory allegations).  Plaintiff's conspiracy claims are therefore dismissed.[4]

## G.     *Monell* Claims

Plaintiff asserts a claim for *Monell* liability against the Warren County Sheriff's Office and the Warren County District Attorney's office.  Dkt. No. 11 at ¶¶ 147-88.  Defendants argue that Plaintiff has failed to state a claim for *Monell* liability by failing to claim any factual allegations that identify or establish that there was a specific policy, practice, or custom causally connected to the alleged actions that caused Plaintiff's harm.  Dkt. No. 14-6 at 24.  Plaintiff has responded by opposing the motion and then copying and pasting much of his Second Amended Complaint into his motion for the Court to reread.  Dkt. No. 20-3 at 26-32.

A municipality "may not be held liable under Section 1983 unless the challenged action was performed pursuant to a municipal policy or custom."  *Powers v. Gipson*, No. 04-CV-6338, 2004 WL 2123490, *1 (W.D.N.Y. Sept. 14, 2004) (citing *Monell v. Dep't of Soc. Serv.*, 436 U.S.

---

[4] This claim is also subject to dismissal on statute of limitations grounds, since all alleged overt acts occurred well beyond the three-year statute of limitations.

658, 694 (1978)).  This is because "[m]unicipalities are not subject to Section 1983 liability solely

on the basis of a *respondeat superior* theory." *Id*. at *1.  As a result, to demonstrate *Monell*

liability, a plaintiff must allege a violation of constitutional rights by employees of the

municipality and "(1) 'the existence of a municipal policy or custom . . . that caused his injuries

beyond merely employing the misbehaving officer[s]'; and (2) 'a causal connection—an

"affirmative link"—between the policy and the deprivation of his constitutional rights.'"  *Harper*

*v. City of New York*, 424 Fed. Appx. 36, 38 (2d Cir. 2011) (quoting *Vippolis v. Village of*

*Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)).

> A plaintiff may plead a municipal policy or custom by alleging: (1)
> a formal policy, promulgated or adopted by the entity; or (2) that an
> official with policymaking authority took action or made a specific
> decision which caused the alleged violation of constitutional rights;
> or (3) the existence of an unlawful practice by subordinate officials
> that was so permanent or well settled so as to constitute a custom or
> usage, and that the practice was so widespread as to imply the
> constructive acquiescence of policymaking officials.

*Shepherd v. Powers*, No. 11-CV-6860, 2012 WL 4477241, *9 (S.D.N.Y. Sept. 27, 2012) (internal

quotation marks omitted).

Plaintiff has failed to plead *Monell* liability because he has failed to plausibly allege a

constitutional violation as they are all barred by the statute of limitations or fail on the merits.  As

a result, Plaintiff's *Monell* claims are dismissed.  *Cox v. City of New Rochelle*, No. 17-CV-8193,

2019 WL 3778735, *8 (S.D.N.Y. Aug. 12, 2019) (citations omitted) ("Plaintiff fails to allege the

second element required to state a *Monell* claim because, as noted above, each of Plaintiff's

federal claims—of conspiracy, retaliation, false arrest, excessive force, and malicious prosecution

— are all barred by the statute of limitations or fail on the merits.  There is thus no underlying

constitutional deprivation upon which *Monell* liability may rest"); *Corley v. Vance*, 365 F. Supp. 3d 407, 462 (S.D.N.Y. 2019) (quoting *Bobolakis v. DiPietrantonio*, 523 Fed. Appx. 85, 87 (2d Cir. 2013)) ("Plaintiff has failed to demonstrate the existence of an underlying constitutional violation in the . . . Complaint, thereby precluding a *Monell* claim against the City"); *Toussaint v. City of New York*, No. 17CV5576, 2018 WL 4288637, *8 (E.D.N.Y. Sept. 7, 2018) ("Because Plaintiff has not established any underlying, independent constitutional claim, he has not stated a *Monell* claim").

## H.    Request for Leave to Amend

Plaintiff filed a complaint on January 27, 2021, and has since filed two amended complaints.  Dkt. Nos. 1, 6, 11.  In his response to Defendants' motion for summary judgment, Plaintiff requests leave to file a third amended complaint to cure any deficiencies.  Dkt. No. 20-3 at 36.  Plaintiff's request is denied.

Rule 15(a) of the Federal Rules of Civil Procedure states, in pertinent part, that leave to amend a pleading should be "'freely given when justice so requires.'"  *Tocker v. Philip Morris Co*., Inc., 470 F.3d 481, 491 (2d Cir. 2006); *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993).  Indeed, leave to amend should be denied only in the face of undue delay, bad faith, undue prejudice to the non-movant, futility of amendment, or where the movant has repeatedly failed to cure deficiencies in previous amendments.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (citing *Chill v. Gen. Elec. Co*., 101 F.3d 263, 271–72 (2d Cir. 1996)).  District courts are vested with broad discretion to grant a party leave to amend the pleadings.  *SCS*

*Commc'n, Inc. v. Herrick Co., Inc*., 360 F.3d 329, 345 (2d Cir. 2004) (citing *Foman*, 371 U.S. at 182, for the proposition that an "outright refusal to grant the leave without any justifying reason . . . is not an exercise of discretion [but] . . . merely [an] abuse of that discretion and inconsistent with the spirit of the Federal Rules"); *see also Local 802, Assoc. Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).  "The party opposing a motion for leave to amend has the burden of establishing that granting such leave would be unduly prejudicial." *Media Alliance, Inc. v. Mirch*, No. 1:09-cv-659, 2010 WL 2557450, *2 (N.D.N.Y. June 24, 2010) (quoting *New York v. Panex Indus., Inc*., No. 99-cv-12482, 1997 WL 128369, *2 (W.D.N.Y. Mar. 14, 1997)); *see also Lamont v. Frank Soup Bowl*, 2000 WL 1877043, *2 (S.D.N.Y. Dec. 27, 2000) (citations omitted).  This requires the non-movant to "do more than simply claim to be prejudiced."  *Breyette v. Amedore*, 205 F.R.D. 416, 417 (N.D.N.Y. 2002) (quoting *Bryn Mawr Hosp. v. Coatesville Elec. Supply Co*., 776 F. Supp. 181, 185 (E.D. Pa. 1991)).

       As futility is an appropriate basis for denying leave to amend, such denial should be contemplated within the standards necessary to withstand a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citing *Ricciuti v. N.Y.C. Transit Auth*., 941 F.2d 119, 123 (2d Cir. 1991)).

       Plaintiff's motion to amend is denied as any attempt to amend his complaint would be futile.  Plaintiff's claims are dismissed as barred by the statute of limitations or on the merits. Plaintiff's complaint makes clear that he was in prison before the alleged incident and following his acquittal for unrelated drug charges. *See* Dkt. No. 11 at ¶¶ 28, 96.  Plaintiff therefore cannot

allege a deprivation of liberty and cannot allege any constitutional violations.  Any amendment would be futile and thus, Plaintiff's request to amend is denied.[5]  Defendants' motion to dismiss is granted and Plaintiff's complaint is dismissed with prejudice.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss (Dkt. No. 14) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close the case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 22, 2021
         Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[5] It is also noted that this Court's individual rules of practice provide as follows: "Motions to dismiss . . . will be decided with prejudice unless [the opposing party] . . . files, and the Court grants, a cross-motion to amend the complaint."  Failure to comply with this rule provides an independent basis for denying this request.